UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-15 |
| ERIC COTTRELL | SECTION "G" (2) |

**ORDER AND REASONS ON MOTION**

The motion of defendant Eric Cottrell for a bill of particulars is pending before me. Record Doc. No. 72. The government filed a written opposition memorandum. Record Doc. No. 80. Having considered the record, the applicable law, the written submissions of the parties, the motion is denied for two reasons.

First, the motion is untimely. "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f) (emphasis added). Cottrell was indicted on January 28, 2016, Record Doc. No. 13, and arraigned on February 5, 2016. Record Doc. No. 20. Thus, any motion for a bill of particulars was due to be filed no later than February 19, 2016. This motion was filed on September 23, 2016, seven (7) months past the deadline.

Second, no bill of particulars is mandated for the information sought by Cottrell. Defendant's motion essentially seeks production from the government of three kinds of information: (1) the names of unindicted co-conspirators, Record Doc. No. 72 at p. 2 ¶ 4(a); (2) details of events that were part of the alleged conspiracy, including any role in

the alleged activities specifically played by Cottrell between March 25 and August 27, 2015, and a payment on July 20, 2015 from China to Louisiana, id. at pp. 2-3 ¶'s 4(b) and (c); (3) Cottrell's specific involvement in or knowledge of three alleged overt acts committed in furtherance of the conspiracy. Id. at p. 3 ¶'s 4(e) and (f).

> A bill of particulars is designed to apprise the defendant of the charges against him with sufficient detail to allow him to prepare his defense. See United States v. Kirkham, 129 [F.] Appx. 61, 71 (5th Cir. 2005) (citing United States v. Montemayor, 703 F.2d 109, 117 (5th Cir. 1983)). A defendant has no right to a bill of particulars. See United States v. Burgin, 621 F.2d 1352, 1359 (5th Cir. 1980). Rather, the motion is addressed to the sound discretion of the district judge. See id. An indictment need not provide the defendant with the evidentiary details by which the government plans to establish his guilt. See United States v. Gordon, 780 F.2d 1165, 1172 (5th Cir. 1986). "A bill of particulars is not required if a defendant is otherwise provided . . . with sufficient information to enable him to prepare his defense and avoid surprise." United States v. Moody, 923 F.2d 341, 351 (5th Cir. 1991). "A defendant should not use the Bill of Particulars to 'obtain a detailed disclosure of the government's evidence prior to trial.'" United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978) (quoting United States v. Perez, 489 F.2d 51, 70-71 (5th Cir. 1973)). Indeed, discovery is not a permissible goal of a bill of particulars. See United States v. Davis, 582 F.2d 947, 951 (5th Cir. 1978). An indictment will be deemed adequate if: (1) it contains the elements of the charged offense; (2) fairly informs the defendant of the charge against him; and (3) ensures there is no risk of future prosecutions for the same offense. See United States v. Harms, 442 F.3d 367, 372 (5th Cir. 2006).

United States v. Little, No. 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012) (emphasis added).

"'A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant

2

to conduct his <u>own</u> investigation.'" <u>United States v. Gagliardi</u>, 285 F. App'x 11, 20 (3d Cir. 2008) (quoting <u>United States v. Smith</u>, 776 F.2d 1104, 1111 (3d Cir. 1985)); <u>accord</u> <u>United States v. Porter</u>, No. 12-198, 2013 WL 6623906, at *4 (E.D. La. Dec. 16, 2013).

Even if not time-barred, defendant's request for a bill of particulars seeking further details of acts alleged in the indictment and identities of any unnamed co-conspirators exceeds the permissible scope of a bill of particulars, the grant of which is entirely discretionary. Fed. R. Crim. P. 7(f)(. . . "the court <u>may</u> . . ."). As noted above, an indictment need not provide defendants with the evidentiary details by which the government plans to establish their guilt, and defendants cannot use a bill of particulars to obtain a detailed disclosure of the government's evidence before trial. <u>Gordon</u>, 780 F.2d at 1172; <u>Kilrain</u>, 566 F.2d at 985; <u>Perez</u>, 489 F.2d at 70-71. Defendant's request for a bill of particulars seeks that prohibited type of information.

Each defendant in a charged conspiracy need not have a role in <u>all</u> activities of the alleged conspiracy or <u>all</u> overt acts committed in furtherance of it. This indictment provides Cottrell with more than sufficient information to enable him to prepare his defense and avoid surprise. Cottrell is himself named specifically in nine (9) separate overt acts set out in the indictment's lengthy description of the alleged conspiracy. He has been provided with open file discovery by the government. Under these circumstances, the goals of avoidance of undue surprise and adequate trial preparation

have been satisfied, and a bill of particulars – even if the request had been timely – is unwarranted.  For all of the foregoing reasons, defendant's motion is DENIED.

New Orleans, Louisiana, this \_\_\_12th\_\_\_ day of October, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE